UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------x
:
SCHAEFFLER TECHNOLOGIES :
AG & CO., KG, :
 :
                                                                                :      22 Civ. _____ (   )
                       Plaintiff, :
 :     **COMPLAINT FOR**
           v. :     **TRADEMARK INFRINGEMENT**
 :     **UNFAIR COMPETITION, AND**
RKT INTERNATIONAL, LLC and :     **DILUTION**
WORLDWIDE SERVICE & SUPPLY CO., :
 :
                     Defendants. :
---------------------------------------------------------x

        In the United States District Court for the Southern District of Florida, plaintiff Schaeffler Technologies AG & Co., KG (hereinafter "Schaeffler") by its undersigned attorneys, complains of defendants Worldwide Service and Supply Co. and RKT International, LLC, and alleges as follows:

## THE PARTIES

        1.     Plaintiff Schaeffler is a corporation organized and existing under the laws of the Federal Republic of Germany and has its principal place of business at Industriestrasse 1-3, D-91074 Herzogenaurach, Germany.  Through various wholly-owned subsidiaries in the United States, including Schaeffler Group U.S.A., Inc., Schaeffler does business in the United States including in this judicial district, by offering for sale, selling, distributing, and servicing bearing and other products sold under the famous brand names FAG®, INA®, and LUK®, among others.

        2.     On information and belief, defendant Worldwide Service and Supply Co. ("Worldwide"), is a corporation organized and existing under the laws of the State of Florida,

has its principal place of business at 1970 NW 129th Avenue, #106, Miami, Florida 33182, and is currently doing business at that address within this judicial district.

3. On information and belief, defendant RKT International LLC (RKT), is a corporation organized and existing under the laws of the State of Texas, has its principal place of business at 106 Harris Street, Suite 236, Round Rock, Texas 78664, and is currently doing business within this judicial district by intentionally causing bearings to be delivered into this judicial district, which bearings are counterfeit. Upon further information and belief, RKT also does business in this judicial district by maintaining warehouse space at 8601 N.W. 27th Street, Doral, Florida. Worldwide and RKT are hereinafter referred to collectively as "Defendants".

4. On information and belief, Defendants Worldwide and RKT have acted within this judicial district as importers, exporters, distributors, and/or sellers of various types of industrial components, including, without limitation, bearings.

## JURISDICTION

5. This Court has jurisdiction over the federal claims in this action under the Trademark Laws of the United States, Lanham Act Sections 32, 39, and 43, 15 U.S.C. §§ 1114, 1121, and 1125, and the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this action occurred in this judicial district and Defendants can be found in this district.

7. This action arises out of Defendants' unauthorized use of Schaeffler's federally registered trademark FAG® on and in connection with certain bearing products that, upon information and belief, are not genuine Schaeffler products, and, indeed, upon further

information and belief, are counterfeit. Defendants' use of the term "FAG" on and in connection with the import, export, distribution, and/or sale of such counterfeit products infringes Schaeffler's rights in its FAG® trademark. The use of "FAG" by Defendants on products not manufactured by Schaeffler implies falsely, deceptively, and confusingly that the products Defendants are importing, exporting, distributing, and/or selling originate with Schaeffler or are in some way associated with, licensed by, or otherwise sponsored or approved by Schaeffler.

8. By this Complaint Schaeffler seeks preliminary and permanent injunctive relief, and damages pursuant to Sections 32, 34, 35, 36, and 43(a) and (c) of the Lanham Act, 35 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125(a) and (c).

## BACKGROUND FACTS

### A. *Schaeffler, Its FAG® Trademarks, and Its Products*

9. Schaeffler is a global manufacturing company employing more than 76,000 employees and generating more than 10.7 billion euro in sales annually. Schaeffler's North American business employs over 6,400 individuals and has in excess of $498 million in annual sales.

10. In the United States, as noted *supra*, Schaeffler does business under the distinctive brand names FAG®, INA®, and LUK®, among others. Schaeffler's FAG division has operated for over fifty years in North America, and focuses on the automotive, industrial, and aerospace industries, mainly providing bearing products as well as services relating to bearings and other mechanical and industrial components. Schaeffler's FAG®-branded bearings are utilized in nearly every device that contains moving parts, including, without limitation, large-scale mining equipment, construction equipment, trucks, cars, trains, and airplanes, among many others.

11. Schaeffler's FAG®-branded bearing products, sometimes packaged in boxes or containers bearing the name of the manufacturer of the equipment in which such bearings are used but nevertheless displaying the distinctive FAG® trademark, are made to highly precise specifications, and under the strictest control. The end-use devices into which Schaeffler's FAG®-branded bearing products are placed demand that the bearings and their components be of the highest quality in order for the devices to function in their intended manner. Failure of a bearing in mining equipment, or in an automobile, ship, airplane, or train, for example, could have disastrous consequences from both safety and economic perspectives.

12. Schaeffler (either itself or through its predecessors-in-interest) has used the trademark FAG® in the United States since at least as early as 1962, and through its predecessors-in-interest has obtained several federal trademark registrations for the mark, including, without limitation, United States Trademark Registration numbers 759,980; 759,957; 759,908; and 3,673,117. These registrations were issued in the early 1960s and are still in good standing, in full force and effect, and, by assignment, are owned by Schaeffler. In addition, Schaeffler is the owner of United States Trademark Registration No. 4,103,952, which registration covers the appearance of the packaging used by Schaeffler for some of its FAG®-branded products. Attached hereto as Exhibit 1 are copies of these Federal trademark registrations together with print outs from the United States Patent & Trademark Office's on-line database showing their current status. Collectively, the aforementioned FAG® trademarks are hereinafter referred to as the "FAG® Trademarks".

13. As shown in Exhibit 1, the FAG® trademark registrations specifically cover the use of the term FAG® for, *inter alia*, machine parts, namely bearings, bearing assemblies, and components thereof.

14. As a result of Schaeffler's long-term use and extensive sales of bearing products carrying the distinctive FAG® name, that name and trademark have become famous and well known to consumers and to the trade, identifying Schaeffler as the exclusive and unique source of the bearing products to which the trademark is applied or with which it is associated. Such fame and notoriety substantially pre-date the activities of Defendants as complained of herein. Consumers have come to recognize that products sold under the FAG® trademarks are of high quality, and as a result, the FAG® trademark has acquired great value and goodwill.

**B.** ***Defendants' Infringing Activities***

15. On information and belief, defendant RKT is in the business importing, exporting, distributing, offering for sale, and/or selling, industrial components, including bearings. As explained on RKT's website, RKT "locates and ships heavy equipment, components and parts to mining companies throughout the world." *See* https://www.rkt-int.com. As further explained by RKT on its website, the company "work[s] with suppliers and mining operations in Europe, Asia, Africa, Australia, and the Americas". *See* https://www.rkt-int.com/about/; s*ee also*, Exhibit 2. On further information and belief, RKT maintains a physical presence in this judicial district by way of warehouse space where products imported from abroad, including at least some of the products complained of herein, are directed.

16. On information and belief, defendant Worldwide is a distributor of industrial components and specializes in replacement parts for use in mining and construction equipment. On further information and belief, Worldwide maintains a Miami-based distribution center which it utilizes to position itself as the "gateway" to Latin America. *See* https://wssamerica.com/about.html; *see also*, Exhibit 3.

17. It has recently come to Schaeffler's attention that defendant Worldwide has in its possession approximately 75 FAG®-branded bearings that it obtained, on information and belief, directly from defendant RKT. These bearings are marked with FAG® trademark and part number "F-577469", which is a Schaeffler part number corresponding to a modified version of Schaeffler part number 22222-E1A-XL-MA-T41A-R70-90. Genuine FAG®-branded bearings with this part number would typically be sold at retail for at least $500 each.

18. Notwithstanding the fact that the approximately 75 bearings in Worldwide's current possession display the FAG® registered trademark, they are not genuine FAG® bearings manufactured by Schaeffler; indeed, they are counterfeit. Schaeffler was able to confirm the counterfeit nature of the bearings by analyzing photographs of the suspect bearings as provided by Worldwide. *See, e.g.*, Exhibit 4, which shows photos of a sample of the counterfeit bearings currently in Worldwide's possession, and which, on information and belief, were obtained by Worldwide directly from RKT. Worldwide has been advised of the counterfeit nature of the 75 bearings in its possession and has been instructed to maintain them and not to export or to otherwise distribute them.

19. On information and belief, defendant RKT has trafficked in counterfeit FAG®-branded bearings on more than one occasion. In late September 2022, Schaeffler was advised by an end-user customer in Peru that such customer had received from RKT FAG®-branded bearings that were inconsistent with other similar FAG®-branded bearings said customer had obtained from another source. These suspect parts were packaged in the FAG® packaging of trademark registration number 4,103,952 and bore part numbers 22222-E1A-XL-MA-T41A-R70-90 and 23324-MA-T41A-R60-80. In cooperation with this end-user, Schaeffler representatives analyzed images of the suspect parts and determined that the parts identified as

having been sourced from RKT were, indeed, counterfeit. Images of these counterfeit parts are attached hereto as Exhibit 5, and a report summarizing Schaeffler's analysis is attached hereto as Exhibit 6.

20. In addition to the foregoing, Schaeffler has also been notified by U.S. Customs and Border Protection in relation to two shipments of counterfeit FAG®-branded products imported by RKT. Attached hereto as Exhibits 7 and 9 are letters from U.S. Customs addressed to Schaeffler's U.S.-based in-house intellectual property counsel alerting Schaeffler to counterfeit FAG®-branded products imported by RKT through Miami International Airport and bound for RKT's Doral, Florida warehouse.

21. More specifically, as explained in the October 24, 2022, letter of Exhibit 7, U.S. Customs seized a shipment of 12 FAG®-branded roller bearings that were, on information and belief, counterfeit based on an analysis conducted by Schaeffler personnel. The parts at issue displayed the FAG® trademark and were again packaged in the FAG® packaging of trademark registration number 4,103,952. Upon being notified by U.S. Customs that the parts were suspect, Schaeffler personnel conducted an analysis of the parts which resulted in the report attached hereto as Exhibit 8, which report was sent to U.S. Customs and, on information and belief, resulted in the October 24 letter of Exhibit 7, which letter states that the counterfeit parts were imported by defendant RKT and bound for RKT's Doral, Florida warehouse.

22. Similarly, as explained in the October 26 letter of Exhibit 9, an additional 34 FAG®-branded roller bearings imported by RKT and bound for RKT's Doral, Florida-based warehouse were seized. On information and belief, these FAG®-branded bearings were also counterfeit, as reflected in the October 26 letter from U.S. Customs.

23. Further still, on information and belief, in addition to the approximately 75 pieces of counterfeit product currently in Worldwide's possession (as noted in paragraph 17, *supra*), Worldwide is in the process of obtaining approximately 125 additional bearings from RKT. On information and belief, Schaeffler believes this follow-up RKT shipment is comprised of approximately 25 additional FAG®-branded bearings designated "F-577469", and approximately 101 FAG®-branded bearings designated 23324-AS-MA-T41A-R60-80. Each of the "2334"-series bearings would, if genuine, retail for approximately $2,267. Upon further information and belief, these bearings are presently being processed by (and in the possession of) U.S. Customs but may be released to Worldwide at any time. Worldwide has been advised that if such bearings are released to its custody, they are to be quarantined and Schaeffler is to be notified. Worldwide has also been advised that any export or other distribution of such bearings prior to Schaeffler's analysis of them would be viewed by Schaeffler as trafficking in counterfeit products.

24. On information and belief, based on the analysis conducted to date on the counterfeit FAG®-branded bearings referenced herein, the bearings contain manufacturing anomalies that make clear that they are not genuine FAG®-branded products manufactured by Schaeffler. On further information and belief, these anomalies could cause the bearings to be incompatible with their intended use and/or could lead to premature wear and/or failure.

25. On information and belief, to the extent the subject bearings fail, such failure would at least require replacement with accompanying machine down time and cost, could give rise to damage to the equipment in which the bearings are installed, and could potentially give rise to injury to the operator of the machine or to bystanders. If any (or all) of the foregoing were to occur, in addition to the financial and potential physical harm caused,

Schaeffler's name and reputation as well as the goodwill associated with the FAG® brand would also be damaged.

26. On information and belief, Defendants are actively offering to sell, export, and/or otherwise distribute the counterfeit bearings referenced in paragraphs 17 and 18, *supra*. On further information and belief, the referenced bearings are presently set to be shipped to a third-party end user in Brazil. The shipment of these counterfeit bearings outside of the United States will amount to the trafficking in counterfeit goods and defendant Worldwide has been advised of this.

27. On information and belief, Defendants are and have been aware of the fame of the FAG® name and the valuable goodwill associated with Schaeffler's FAG® trademark since long before Defendants began importing, exporting, distributing, and/or offering to sell the counterfeit bearings referenced herein.

28. Defendants' import, export, distribution and/or offer for sale of non-genuine bearings displaying the famous and distinctive FAG® trademark is likely to cause (and has caused) confusion, mistake, or deception as to the source or sponsorship of the products sold and distributed by Defendants. Such import, export, distribution, and/or sale by Defendants is also likely to cause injury to the business reputation of Schaeffler, in that the public and the trade are likely to believe that the counterfeit product sourced through Defendants as genuine FAG®-branded product, originates with Schaeffler and/or that such product was in some manner authorized or approved by Schaeffler. As a result, such import, export, distribution, and/or sale both infringes and dilutes Schaeffler famous and distinctive FAG® trademarks.

29. Further still, the import, export, distribution, and/or sale by Defendants of the above-described inferior, counterfeit FAG®-branded bearings is likely to cause harm to the

end users of such bearings in that the failure of such bearings will resulted in equipment down-time and the necessity for repairs. Such end-user harm directly and negatively impacts Schaeffler's reputation, and the goodwill associated with Schaeffler and the FAG® trademarks and brand.

30. Accordingly, on information and belief, Defendants' import, export, distribution, and/or sale of counterfeit FAG®-branded bearing products and Defendants' resulting unauthorized use of the FAG® trademark in connection with such import, export, distribution and/or sale has resulted in, and will continue to result in, irreparable damage to Schaeffler for which there is no adequate remedy at law. On further information and belief, unless permanently enjoined, Defendants will continue to import, export, distribute and/or sell the counterfeit FAG®-branded bearing products thereby causing consumer confusion as well as lost sales to Schaeffler, resulting in substantial, irreparable harm to Schaeffler, to the public, and to the FAG® trademarks.

### FIRST CAUSE OF ACTION –
### Federal Trademark Infringement

31. This is a claim for trademark infringement arising under the Trademark Laws of the United States, Lanham Act Section 32, 15 U.S.C. § 1114. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

32. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein in their entirety.

33. Defendants' import, export, distribution, and/or sale of counterfeit bearing products displaying the registered FAG® trademarks is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that the

bearing products Defendants are importing, exporting, distributing, and/or selling are genuine FAG® products, emanating from, or associated with, endorsed, authorized, or sponsored by Schaeffler, or that such products are connected in some way with Schaeffler.

34. The Defendants' acts and conduct set forth above constitute willful infringement of Schaeffler's FAG® trademarks.

35. The Defendants' use of the term "FAG" in the manner described herein trades on the goodwill Schaeffler has developed in its distinctive FAG® trademarks and such acts damage the rights of Schaeffler in its FAG® trademarks and the goodwill represented thereby, all to the detriment of Schaeffler.

36. The Defendants' aforesaid acts constitute trademark infringement of Schaeffler's FAG® trademarks and have damaged Schaeffler and will, unless enjoined, further impair, or destroy the value of Schaeffler's goodwill and registered trademarks.

37. The Defendants' aforesaid acts are in violation of 15 U.S.C. § 1114 and Defendants are liable to plaintiff for damages. The Defendants' acts have caused and will continue to cause further irreparable injury to Schaeffler if Defendants are not restrained by this Court from further violations of Schaeffler's rights.

38. Schaeffler has been irreparably injured by the Defendants' aforesaid acts and has no adequate remedy at law.

**SECOND CAUSE OF ACTION –**
**Federal Unfair Competition and False Designation of Origin**

39. This is a claim for unfair competition and false designation of origin arising under the Trademark Laws of the United States, Lanham Act Section 43(a) (15 U.S.C. § 1125(a)), for Defendants' intentional unauthorized use in commerce of a colorable imitation of

Schaeffler's distinctive FAG® trademarks. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

40. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint with the same force and effect as if set forth herein in their entirety.

41. The Defendants' unauthorized use of Schaeffler's FAG® trademarks in connection with the import, export, distribution, and/or sale of counterfeit FAG® bearings is likely to cause confusion in the minds of the public with Schaeffler's bearing products, and is likely to cause mistake or to deceive persons into the erroneous belief that the products being offered for sale by Defendants emanate from, are associated with, or are endorsed, authorized, or sponsored by Schaeffler, or that Defendants are connected in some way with Schaeffler.

42. The Defendants' acts and conduct set forth above constitute willful unfair competition with Schaeffler, and have been without the leave, license, or permission of Schaeffler.

43. The Defendants' aforesaid acts constitute false designation of origin and are in violation of 15 U.S.C. § 1125(a).

44. Schaeffler has been and is likely to continue to be damaged by Defendants' continued unfair competition and use of this false designation of origin.

45. Schaeffler has been irreparably injured by Defendants' aforesaid acts and has no adequate remedy at law.

### THIRD CAUSE OF ACTION –
### Federal Trademark Dilution

46. This is a claim for dilution arising under the Federal Dilution statute, Lanham Act Section 43(c), 15 U.S.C. § 1125(c), for Defendants' unauthorized use of a colorable

imitation of Schaeffler's famous and distinctive FAG® trademarks. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

47. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 45 of this Complaint with the same force and effect as if set forth herein in their entirety.

48. As set forth herein, since long prior to Defendants' first use of the trademark "FAG" in connection with the import, export, distribution, and/or sale of the unauthorized, counterfeit bearing products that are the subject of this action, Schaeffler has widely used its distinctive FAG® trademarks in interstate commerce. Such use by Schaeffler has included substantial advertising and promotion featuring the FAG® trademarks throughout the United States, including in Florida. Moreover, Schaeffler has enjoyed substantial sales of its FAG®-branded products. As a result, Schaeffler's distinctive FAG® trademarks have become famous and well known to the consuming public within the meaning of 15 U.S.C. § 1125(c)(2)(A). Such fame attached well prior to the first use of by Defendants of the name "FAG".

49. In view of the fame of the distinctive FAG® trademarks, Defendants' activities are likely to dilute, have diluted, and will continue to dilute the distinctive quality of Schaeffler's FAG ® trademark by lessening its capacity to identify and distinguish the goods sold by Schaeffler under that trademark, all in violation of 15 U.S.C. § 1125(c).

50. Defendants' activities were done willfully with an intent to trade on Schaeffler's reputation and to cause dilution of Schaeffler's famous and distinctive FAG® trademark.

51. As a result of Defendants' conduct, Schaeffler has and will continue to sustain substantial damages and irreparable injury for which there is no adequate remedy at law.

### FOURTH CAUSE OF ACTION – Unfair Competition and Dilution Under Florida Law

52. This is a claim for unfair competition and trademark dilution arising under the trademark dilution statute of the State of Florida, particularly Fla. Stat. Ann. § 495.151. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim which is so related to the other claims in this action which are within the original jurisdiction of this Court that they form part of the same case or controversy.

53. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 51 of this Complaint with the same force and effect as if set forth herein in their entirety.

54. Defendants' conduct and acts as alleged herein constitute a likelihood of dilution of the distinctive quality of Schaeffler's distinctive FAG® trademark. In addition, Defendants' conduct and acts alleged above constitute a likelihood of injury to Schaeffler' business reputation and will continue to do so unless such acts are enjoined by this Court.

55. Schaeffler has been irreparably injured by the Defendants' aforesaid acts and has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Schaeffler Technologies AG & Co., KG asks this Court to:

1. Grant preliminary and permanent injunctions both in the United States and wherever Defendants (or either of them) are or may be distributing FAG®-branded product, enjoining defendants RKT International, LLC and Worldwide Service & Supply Co., and all

those in privity, concert, or participation with any of them, in any manner, from directly or indirectly:

    a.    using any false designation of origin or false description (including, without limitation, any letters, or symbols) which can, or is likely to, lead the trade or consuming public, or individual members hereof, to believe that any product imported, exported, made, sold, marketed, promoted, distributed, offered for sale or sold by Defendants (or either of them) is in any manner associated or connected with, is manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

    b.    importing, exporting, making, selling, marketing, advertising, promoting, distributing, offering for sale, or selling products bearing any trademark which implies or suggests that such products originated from or are in any manner associated or are connected with, manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

    c.    causing likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of the products Defendants are importing, exporting, distributing, offering to sell and/or selling;

    d.    engaging in any act or acts causing or likely to cause the trade or consuming public, or any member thereof, to believe that Defendants' products are in any manner associated with or are connected with, manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

    e.    imitating, copying, counterfeiting, simulating, or making any other unauthorized use of Schaeffler's trademark FAG® and any logos or packaging associated therewith (including, without limitation, internet, and social media use);

    f.  importing, exporting, circulating, marketing, moving, distributing, offering for sale, selling, or otherwise disposing of any product or product packaging bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Schaeffler's FAG® trademark;

    g.  destroying or otherwise disposing of the products, packaging, advertising and/or promotional material mentioned in sub-paragraphs (a) through (f) above, or any documents or computer files or records pertaining to any of them or their acquisition or to the sale or use of said products, packaging, advertising, and/or promotional material heretofore made; and

    h.  assisting, aiding, or abetting any other person or business entity in engaging or performing any one or more of the activities referred to in sub-paragraphs (a) through (g) above.

    2.  Find that Defendants have unfairly competed with Schaeffler by the acts complained of herein.

    3.  Find that Defendants have engaged in the importation, exportation, distribution, and sale of counterfeit FAG®-branded products.

    4.  Find that Defendants have infringed Schaeffler's FAG® trademark rights in both the United States and wherever throughout the world Defendants have distributed, offered for sale and/or sold counterfeit FAG® products as set forth herein and that said acts will damage, dilute, and diminish the distinctiveness of Schaeffler's FAG® trademark unless Defendants are enjoined by this Court.

    5.  Grant an order requiring Defendants to provide to Schaeffler all documents and things relating to all FAG®-branded products in the possession, custody, or

control of Defendants (or either of them), including, without limitation, all documents relating to Defendants' acquisition of all FAG®-branded products ever acquired by or on behalf of Defendants (or either of them).

    6. Grant an order requiring Defendants to turn over to Schaeffler all documents and things relating to Defendants' sale and/or distribution of any product bearing the FAG® brand name, including, without limitation, the name, address and contact information for all persons/entities anywhere in the world to whom Defendants (or either of them) have exported, distributed, sold and/or otherwise disposed products bearing the FAG® brand name, together with information sufficient to specify the (i) type(s) and size(s) of FAG®-branded products distributed/sold to each; (ii) the date of each such distribution/sale; and (iii) the invoice amount for each such distribution/sale.

    7. Grant an order permitting Schaeffler and/or its designated representatives to access any and all premises where any and all FAG®-branded products in the possession of, or under the custody or control of, Defendants' (or either of them) are or may be stored in order for Schaeffler (and/or its designated representatives) to determine whether such FAG®-branded products are genuine.

    8. Grant an order requiring Defendants to deliver up to Schaeffler or its designated representative(s) for destruction (or disposal in a manner to be dictated by Schaeffler), all products and promotional, advertising, and/or packaging material of any kind both within or without the United States bearing Schaeffler's FAG® trademark or any colorable imitation thereof.

9. Grant an order requiring Defendants to recall all FAG®-branded products from all retailers, re-sellers, distributors, wholesalers, and customers to whom Defendants (or either of them) have sold, distributed, or delivered such products.

10. Hold Defendants jointly and severally liable and award to Schaeffler, for Defendants' violations of Schaeffler's rights as result of the actions complained of herein, damages, attorneys' fees, costs, and other recovery as permitted under 15 U.S.C. §1117.

11. Grant to Schaeffler such other further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Date: November 21, 2022

By: _____
Luca R. Bronzi
Fla. Bar. No. 0015628
E-mail: lbronzi@bronzipa.com
LUCA BRONZI P.A.
12550 Biscayne Blvd., Ste 800
Miami, FL 33181-2545
Tel.: (305) 428-3881

*Attorneys for Plaintiff Schaeffler Technologies AG & Co., KG*

*Of Counsel*:
Timothy J. Kelly
T.J. KELLY INTELLECTUAL
   PROPERTY LAW, P.C.
P.O. Box 128
Bay Head, New Jersey 08742
Tel.: (908) 230-9105
Tim@TJKIPLaw.com